UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,    Case 2:23-mc-51414-DML
                                              Hon. David M. Lawson

v.

RAMI LAZEKI,

    Defendant.

## RESPONSE TO DEFENDANT'S OBJECTION TO GARNISHMENT

Rami Lazeki ("Defendant")'s objection to the United States' writs of garnishment should be overruled because he has not set forth a valid exemption from the writs.

## BACKGROUND

On June 27, 2023, Defendant, having entered into a plea agreement, was found guilty of Conspiracy to Commit Health Care Fraud under *18 U.S.C. § 1349* in the case of *United States v. Letko et. al.,* Case No. 2:19cr20652 *at ECF No. 305*. Pursuant to the underlying plea agreement, "[b]eginning in or around February 2015 and continuing through at lease the end of 2017, [Defendant] knowingly joined and participated in an ongoing scheme to defraud Medicare…". *Id., at ECF No. 188, PageID. 1691.* Accordingly, Lazeki was sentenced to 12 months and 1 day of

incarceration and was ordered to pay criminal restitution of $21,651,203.00 as well as a special assessment of $100.00. *Id., at ECF No. 305*, PageId. 4227. As of this date, Lazeki has only paid the special assessment figure and $21,651,203.00 remains outstanding.

On September 29, 2023, the United States, in seeking to collect on the judgment, requested writs of garnishment to The Capital Group Companies, Inc. ("Capital Group") (*ECF No. 2*) and JP Morgan Chase Bank NA ("Chase Bank") (*ECF No. 5*). The writs were entered on the same date (*See ECF Nos. 12* and *14*), and they were then property served. *See ECF Nos. 8* and *11*.

On November 6, 2023, Capital Group filed a garnishee disclosure indicating that "Defendant holds two college savings accounts", being:

| Account Number | Registration | Value as of October 18, 2023 |
|---|---|---|
| XXXX2473 | VCSP/COLLEGEAMERICA RAMI LAZEKI OWNER FBO MARIAM LAZEKI | $61,228.18 |
| XXXX2510 | VCSP/COLLEGEAMERICA RAMI LAZEKI OWNER FBO JUAN LAZEKI | $61,228.18 |

*See ECF No. 17* at PageID. 102-103. Likewise, on November 15, 2023, Chase filed a garnishee disclosure (*See ECF No. 19* at PageID.148) indicating that it held the following accounts belonging to Defendant:

| Account Number | Present Balance |
|---|---|
| 2019 | $24,673.48 |
| 9063 | $3,498.67 |
| 9071 | $3,332.34 |
| 7156 | $1,652.45 |
| 7172 | $1,605.44 |
| 3300 | $0.31 |
| 4706 | $233,609.46 |
| 7357 | $16,582.12 |

On December 14, 2023, Defendant filed an objection and request for a hearing concerning these garnishments on December 14, 2023. *ECF No. 23*. As to the Capital Group accounts, Defendant argues that these funds are exempt under *Mich. Comp. Laws §* 600.6023(k)(iii). As to the Chase accounts, Defendant argues that certain accounts belong to his children, and that account 2019 contains $16,500 in insurance proceeds that should be exempt because they will be used for the Defendant's family's residence. Defendant further maintains that the accounts ending in 9063, 9071, 7156 and 7172 (the "Childrens' Accounts") are the property of his children, having been given to them via the Uniform Gifts to Minors Act (UGMA).

## **ARGUMENT**

The United States has received records from the Defendant that indicate that the Childrens' Accounts are indeed the property of third parties and should not be subject to garnishment. As such, the United States agrees to release the garnishment from these accounts only. However, the Request should be denied concerning the

remaining Chase accounts and the Capital Group accounts. These banks should be ordered to comply with writs above the Defendant's objections. Defendant has not set forth a valid exemption from the Chase Bank writ, notwithstanding the fact that certain insurance proceeds may have been in the account. Further, Defendant has not, and cannot, set forth a valid exemption for the Capital Group 529 accounts under *18 U.S.C. § 3613*, because such accounts are nonexempt. Michigan exemption schemes to the contrary are preempted pursuant to the Supremacy Clause of the United States Constitution.

***Garnishment under the Mandatory Victims Restitution Act***

The attorney general, and as a result the United States Attorney's Office, is required by the Mandatory Victim Restitution Act ("MVRA") to enforce victim restitution orders "aggressively". *United States v. Miller,* 588 F. Supp. 2d 789, 796 (W.D. Mich. 2008), *quoting United States vs. Phillips*, 303 F.3d 548, 550-51 (5th Circ., 2002). The MVRA permits the government to enforce a restitution order "'by all…available and reasonable means,' *18 U.S.C. § 3664(m)(1)(A),* and 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law'". *Id*, at 797 (*citing 18 U.S.C. § 3613(a)*). This includes seeking "a writ of garnishment against property… in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor." *28 U.S.C. § 3205*.

The United States may garnish all property except that which is specifically exempt from a levy. *§ 3613(a)(1)*; *26 U.S.C. § 6334*; see also *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of *18 U.S.C. § 3613(a)* state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in *26 U.S.C. § 6334*."). A judgment debtor who contests a writ of garnishment bears the burden of showing he or she is entitled to an exemption. *United States v. Daneshvar*, 2022 U.S.Dist. LEXIS 230780, *5 (E.D.Mich., August 9, 2022) *citing United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). *Section § 3613* goes on to list the exemptions that apply to these actions, including "*section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12)* of the Internal Revenue Code of 1986." *18 U.S.C. § 3613(a)(1)*. A judgment debtor "…may request a hearing regarding a garnishment, but the issues at the hearing are limited to the validity of a claim of exemption and the government's compliance with statutory requirements". *Id. citing 28 U.S.C. § 3202(d)*.

***The Defendant does not set forth a valid exemption as to Chase Bank accounts.***

First, with respect to the Chase Bank accounts, Defendant does not claim a specific exemption for the 2019 account. There is no exemption available for insurance proceeds. *See United States v. Martins,* 2021 U.S. Dist. LEXIS 258213,*8 (D.R.I., July 8, 2021) ("no exemption is available" with respect to homeowners

insurance proceeds under *§ 3613*). As such, the objection as to Chase Bank accounts should be overruled, and Chase Bank should be ordered to comply with the writ (absent the Childrens' Accounts as set forth above).

***The Defendant does not set forth a valid exemption as to the Capital Group accounts; Mich. Comp. Laws. § 600.6023(l)(iii) is preempted by 11 U.S.C. § 3613.***

Likewise, the Capital Group Accounts are not exempt either. Defendant has not claimed an exemption in these accounts under *§ 3613*, but instead claims that the funds should be exempt under *Mich. Comp. Laws § 600.6023(k)(iii)*. It appears that the Defendant is likely referring to *§ 600.6023(l)(iii)* instead, which exempts from levy or sale to satisfy a judgment accounts "…in a qualified tuition program or educational savings trust under section 529 or 530 of the internal revenue code of 1986". However, this statute conflicts with this the Federal scheme under *§ 3613*, wherein such accounts are not exempt. Due to this conflict, the Supremacy Clause of the United States holds that the Federal statutory scheme controls.

The Supremacy Clause states: "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding". *USCS Const. Art. VI, Cl 2*". As such, "federal law expressly preempts state exemptions when the federal government is attempting to collect a fine or restitution." *United States v.*

*McClanahan*, 2006 U.S. Dist. LEXIS 34042, 2006 WL 1455698, *4 (S.D.W.V. 2006). *United States v. De Cay*, No. : 05-186, 2009 U.S. Dist. LEXIS 81586, at *13 (E.D. La. Jan. 5, 2009).

### ***The 529 Accounts are Rami Lazeki's property, and are subject to garnishment.***

Rather than an exemption issue, caselaw on the issue has addressed whether 529 accounts constitute "property or rights to property of the person fined" in the first place under *§ 3613*. 529 educational accounts refer specifically to qualified tuition programs set forth at *26 U.S.C. § 529*. Under a prototypical 529 account, "…the parent-owner has more than sufficient interest in 'property or rights to property' to support a garnishment pursuant to *§ 3613(a)* regardless of whether the determination of what constitutes a sufficient property interest is a question of federal law, state law, or some combination of the two". *United States v. Kieffer*, 2010 U.S. Dist. LEXIS 53665, at *18 (D.N.D. Apr. 28, 2010); *see also United States v. Perorazio,* 2013 U.S. Dist. LEXIS 4632, at *11 (HN 23) (S.D. Ohio Jan. 7, 2013)(finding that 529 accounts are not subject to exemption under *18 U.S.C. § 3613(a)* pursuant to the ruling in *United States v. Craft*, 535 U.S. 274, 283 (2007) whereby "[t]he statutory language authorizing the tax lien is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have"); *See also United States v. Santee Sioux Tribe of Nebraska*, 254 F.3d at 735; *United States v. Allen*, 247 F.3d 741, 794 (8th Cir. 2001); *see also In re Bourguignon*,

416 B.R. 745, 749-750 (Bankr. D. Idaho 2009) (finding that a debtor who created a prototypical 529 college account for his minor child had sufficient ownership interest in it so as to make it property of the bankruptcy estate).

As indicated in Objection, the 529 accounts are held "for the benefit" of Lazeki's minor children. *ECF No. 23,* Page ID.162. This is indicated in Capital Group's answer (*ECF No. 17,* at PageID.103), where Rami Lazeki is listed as "OWNER FBO…" his beneficiary children. This is similar to *Kieffer*, where the defendant was listed as "owner" and thus the account was more "…consistent with being a prototypical 529 plan account and inconsistent with it being a UGMA/UTMA account, where the account owner would either be the minor or the custodian of the funds irrevocably transferred to the minor and referred to as such". *United States v. Kieffer*, 2010 U.S. Dist. LEXIS 53665, at *19 (D.N.D. Apr. 28, 2010) *citing In re: Bourguignon,* 416 B.R. at 750 & n.7; *see also In re McGehee,* 342 B.R. 587, 595-596 (Bankr. W.D. Mo. 2006); *see also In re Quackenbush,* 339 B.R. 845, 851 (Bkrtcy. S.D.N.Y. 2006); *see also In re Delarosa,* 249 B.R. 790, 792-793 (Bankr. W.D. Mo. 2000); *see also In re Marriage of Hendricks,* 681 N.E.2d 777, 781-782 (Ind. Ct. App. 1997); *see also Farrell v. Coulter,* 898 S.W.2d 139, 140 (Mo. Ct. App. 1995); *see also Singer v. Brookman,* 217 Ill. App. 3d 870, 578 N.E.2d 1, 6, 160 Ill. Dec. 822 (Ill.App. Ct. 1st Dist. 1991). Of course, the ultimate burden in

claiming an exemption or relief from the garnishment in question is on the Defendant, which is not satisfied by the pleadings.

## CONCLUSION

The United States agrees to release its garnishment as to Chase Bank accounts ending in 9063, 9071, 7156 and 7172 (as identified in Chase Bank's garnishee disclosure, *ECF No. 19*), but the Defendant has not set forth a valid exemption as to the remaining Chase Bank accounts, nor to the Section 529 accounts held by garnishee Capital Group. Since said 529 accounts are owned by Rami Lazeki, they are subject to garnishment.

**WHEREFORE**, the United States respectfully requests that this Court enter an order: (i) overruling Defendant's basis for relief from the Writ, (ii) releasing the garnishment as to Chase Bank accounts ending in 9063, 9071, 7156 and 7172 (as identified in Chase's garnishee disclosure, *ECF No. 19*); and (iii) ordering Capital Group and Chase Bank to liquidate and turn over all accounts to be credited towards Defendant's outstanding restitution obligation.

Respectfully submitted,

DAWN N. ISON
United States Attorney

By:/s/*Peter F. Schneider*
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9100
E-mail: peter.schneider@usdoj.gov
MI Bar Number: P75256

CERTIFICATE OF SERVICE

I do hereby certify that on this 13th day of February, 2024, I filed the foregoing documents with the Court's PACER system, which will send notice to all CM/ECF participants.

*/s/Peter F. Schneider*